UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-20352-LENARD/O'SULLIVAN

ISAMAR VANESSA TORRES CELIS,

 Plaintiff,

vs.

BOCAS HOUSE CORAL GABLES, LLC and
MAURICIO MANTOVANI,

 Defendants.
_____/

## FIRST AMENDED COMPLAINT

 Plaintiff, Isamar Vanessa Torres Celis, sues Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, as follows:

### *Parties, Jurisdiction, and Venue*

 1. **Plaintiff, Isamar Vanessa Torres Celis,** is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. She is an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

 2. **Defendant, Bocas House Coral Gables, LLC**, is a for profit Florida corporation that is *sui juris* and operated its restaurant business here, in Coral Gables, Miami-Dade County, Florida, at all times material.

 3. **Defendant, Mauricio Mantovani**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other servers' wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims and over her claim(s) brought pursuant to 26 U.S.C. §7434.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

7. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA "TIP POOL" VIOLATION(S)**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

10. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs,

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*


produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

11. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff worked for Defendants as a non-exempt employee, with the title of "bartender", from August 16, 2017 to approximately September 2018 during which time she was paid at a rate of $9.00 per hour.

16. Since September 2018, Plaintiff continued working for Defendants as a non-exempt employee with the title of "bar supervisor", but was paid at a rate of $10.50 per hour.

17. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving liquor, beer, mixers, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

also traveled through interstate commerce.

18. Plaintiff regularly, recurrently, and routinely processed credit card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to her sale of same.

19. During the last three years, Defendants took control of all of the tips earned by those who worked at restaurant, including not only their servers, but also those who worked at the bar (bartenders and bar supervisors).

20. While servers at Defendants' restaurant received both cash and credit cards as payment, the bar only accepted credit cards as payment.

21. Defendants required Plaintiff and others who worked at the bar (bartenders and bar supervisors) to share or "pool" their tips.

22. While controlling this "tip pool", Defendants kept 15% of the tips that the bar (bartenders and bar supervisors) contributed for themselves, traditionally non-tipped employees, and/or the "house".

23. Defendants would then distribute the remainder (85%) of the money in the "tip pool" to other employees, the result of which was that Plaintiff received only a small fraction of the tips that she contributed to the "tip pool".

24. The FLSA always precluded employers like Defendants to retain any portion of the tips that were being distributed pursuant to an arrangement to share or "pool" tips.

25. The FLSA was then amended in April 2018 to codify this rule when it amended 29 U.S.C. §203, which confirmed that although employers may to utilize a "tip pool", they may not receive any portion of the "tip pool" for any reason – even if paying the employees more than the

minimum wage:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

26. As a direct and proximate result of Defendants' retaining a portion of the tips received by their employees who worked at the bar (bartenders and bar supervisors), Defendants violated the FLSA.

27. Plaintiff is entitled to payment of all tips that she was required to contribute to the "tip pool" as a result of Defendants' improper action(s) in distributing tips to the "house" and to their "manager(s)".

28. Defendants willfully and intentionally refused to pay Plaintiff the applicable minimum wage and/or tips for all of the hours that worked during the relevant time period.

29. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA, they either knew from prior experience or recklessly failed to investigate whether their inclusion of the "house" and "manager(s)" in the mandatory "tip pool" during the relevant time period violated the FLSA, and then they failed to timely correct their violation(s).

WHEREFORE Plaintiff, Isamar Vanessa Torres Celis, demands the entry of a judgment in her favor and against Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, jointly and severally, after trial by jury and as follows:

  a. That Plaintiff recover the tips wrongfully shared/distributed to traditionally non-tipped employees, the "house", and/or managers;

5

    b. That Plaintiff recover liquidated damages in an amount equal to the tips wrongfully shared/distributed to traditionally non-tipped employees, the "house", and/or managers;

    c. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

    d. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    e. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. All interest allowed by law; and

    g. Such other and further relief as the Court deems just and proper.

## COUNT V – VIOLATION(S) OF 26 U.S.C. §7434

Plaintiff, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

30. Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

31. Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to her by check and/or by cash, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of W-2's to Plaintiff for each calendar year during which she performed work for Defendants, and the filing of information returns on own behalf of the corporate Defendant.

32. During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

33. In particular, Defendants indicated on each information return that they paid to Plaintiff and that Plaintiff actually received the total amount of tips, when in reality, she only received a smaller portion of those tips as a result of distributions that Defendant made to the "tip pool" to others employees, to traditionally non-tipped employees such as "managers", and that were retained by the Defendants for the "house".

34. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2017 by over-reporting the amount that they paid to Plaintiff in calendar year 2017 as a result of their including in her W-2 the total tips that she contributed to the "tip pool" instead of the total net tips that she actually received.

35. Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2018 by, once again, over-reporting the amount that they paid to Plaintiff in calendar year 2018 as a result of their including in her W-2 the total tips that she contributed to the "tip pool" instead of the total net tips that she actually received.

36. Plaintiff suffered damages as a result of Defendant's willful provision of false information returns caused by Defendants' intentional and willful acts as described above.

37. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal

7

to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Isamar Vanessa Torres Celis, demands the entry of a judgment in her favor and against Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of her actual damages or $5,000 for each fraudulent information return filed/served by Defendants as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in CM/ECF on this 26th day of February 2019, which will effect service on John Cody German, Esq., cody.german@csklegal.com, and Steven Ehrlich, Esq., steven.ehrlich@csklegal.com, *as Counsel for Defendants*, COLE, SCOTT & KISSANE, P.A., 9150 South Dadeland Boulevard, Suite 1400, P.O. Box 569015, Miami, Florida 33156.

          Respectfully Submitted,

          FAIRLAW FIRM
          *Counsel for Plaintiff*
          7300 N. Kendall Drive
          Suite 450
          Miami, FL 33156
          Tel:   305.230.4884

          s/Brian H. Pollock, Esq.
          Brian H. Pollock, Esq.
          Fla. Bar No. 174742
          brian@fairlawattorney.com

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*