UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-20352-CIV-LENARD/O'SULLIVAN

ISAMAR VANESSA TORRES CELIS,

    Plaintiff,

v.

BOCAS HOUSE CORAL GABLES, LLC and
MAURICIO MANTOVANI,

    Defendants.

_____/

## DEFENDANTS' PARTIAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, BOCAS HOUSE CORAL GABLES, LLC and MAURICIO MANTOVANI by and through its undersigned attorneys, and hereby files its Partial Answer and Affirmative Defenses to Plaintiff, ISAMAR VANESSA TORRES CELIS's First Amended Complaint, and in support thereof states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

2. Admitted for jurisdictional purposes only.

3. Denied as stated.

4. Denied.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, this paragraph is denied.

8. Without knowledge.

## **COUNT I – FLSA "TIP POOL" VIOLATION(S)**

Defendant reincorporates and re-alleges it's answers to all preceding paragraphs as though set forth fully herein and further answers as follows:

9. Denied.

10. Denied.

11. Without Knowledge.

12. Without Knowledge.

13. Without Knowledge.

14. Denied as Stated.

15. Admitted to the extent that the Plaintiff was a bartender and that the Plaintiff's pay stubs speak for themselves.

16. Admitted to the extent that the Plaintiff was a bar supervisor and that the Plaintiff's pay stubs speak for themselves.

17. Denied.

18. Without Knowledge.

19. Denied.

20. Denied.

21. Denied as stated.

22. Denied.

23. Denied.

24. Denied.

25. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, this paragraph is denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### COUNT V – VIOLATION(S) OF U.S.C. §7434

*Motion to Dismiss Pending for paragraphs 30-37*

### AFFIRMATIVE DEFENSES

38. As its First Affirmative Defense, the Defendant affirmatively asserts that it is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of Plaintiff or otherwise available to her. As stated in the Amended Complaint, Plaintiff worked as an employee for the Defendant and it is uncontested that she was paid for this work.

39. As its Second Affirmative Defense, the Defendant asserts that Plaintiff's claims for relief are barred by the doctrine of accord and satisfaction, as Plaintiff has continued to accept the payment he received from the Defendant for her employment services performed as payment in full.

40. As its Third Affirmative Defense, the Defendant asserts that Plaintiff was an at-will employee, and therefore, Defendant was entitled to compensate Plaintiff at the rate Defendant determined to be appropriate for the work Plaintiff allegedly performed, which was at all times above the minimum wage and overtime rate, as applicable.

41. As its Fourth Affirmative Defense, the Defendant asserts that all actions taken by Defendant with regard to the Plaintiff's employment were made in good faith, and without malice or intent to harm.

42. As its Fifth Affirmative Defense, the Defendant asserts that the Plaintiff's claims are barred, in whole or in part, to the extent she seeks compensation in this action for anything other than compensable working time.

43. As its Sixth Affirmative Defense, the Defendant asserts that if Plaintiff proves that Defendant acted in violation of the FLSA or U.S.C. §7434, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA or U.S.C. §7434. Defendant accordingly request this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

44. As its Seventh Affirmative Defense, the Defendant asserts that the claims of the Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence to the extent that the Plaintiff failed to accurately report hours allegedly worked and/or Defendant was unaware that Plaintiff worked the hours claimed.

45. As its Eighth Affirmative Defense, the Defendant asserts that Plaintiff's recoveries for damages are barred because Plaintiff has been properly paid for all hours and all hours worked.

46. As its Ninth Affirmative Defense, the Defendant asserts that Plaintiff's recoveries for damages are barred because Plaintiff provided correct information on any and all applicable information returns.

47. As its Tenth Affirmative Defense, Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as practical administrative matter cannot be recorded with complete precision for payroll purposes are *de minimis* and may be properly disregarded for payroll purposes, consistent with 29 C.F.R. 785.47.

48. As a Eleventh affirmative defense, Defendants assert that the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs for, periods of time during which Plaintiffs did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiffs were otherwise absent from the workplace, such as holidays and other functions.

49. Defendant reserves the right to amend these affirmative defenses and to file additional affirmative defenses, upon proper leave of Court, as necessary and appropriate.

## DEMAND FOR JURY TRIAL

Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, hereby demand trial by jury of all issues by right so triable.

[This space is intentionally left blank]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant BOCAS HOUSE CORAL GABLES, LLC and MAURICIO MANTOVANI*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6415
> Facsimile (305) 373-2294
> Primary e-mail: cody.german@csklegal.com
> Secondary e-mail: steven.ehrlich@csklegal.com
>
> By:  s/ Steven Ehrlich
> JOHN CODY GERMAN
> Florida Bar No.:  58654
> STEVEN EHRLICH
> Florida Bar No.:  91409

1917.1063-00-A/13076386